# LAW OFFICES OF JOEL B. RUDIN, P.C.

CARNEGIE HALL TOWER

152 WEST 57TH STREET

EIGHTH FLOOR

NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN

HARAN TAE
JACOB "COBY" LOUP
JONATHAN G. HILES

GEORGE R. GOLTZER
(OF COUNSEL)
PARTHA SHARMA
(PARALEGAL)

December 9, 2019

**Regular Mail &**
**Email (mmckinne@law.nyc.gov)**
Morgan McKinney
Assistant Corporation Counsel
New York City Law Department
100 Church Street, Room 3-213
New York, New York 10007

Re: *Negron v. City of New York, et al.*
Case No. 18-cv-6645 (NGG) (SMG)

Dear Ms. McKinney:

I am writing about the Declaration of Lt. Steven Weiss, dated November 27, 2019, that you disclosed to me by hand last Friday, December 6, 2019. As you know, Judge Gold previously ordered Defendants to produce witnesses for a Rule 30(b)(6) deposition, costs to be paid by Defendants, to explain Defendants' failure to produce NYPD documents responsive to Plaintiff's discovery demands, unless Defendants beforehand produce satisfactory affidavits containing such explanation. While Lt. Weiss's declaration does describe several steps taken to locate some of the NYPD documents we requested, it does not address certain issues that we believe we would be entitled to have answered at the Rule 30(b)(6) deposition.

First, as I mentioned in person last Friday, the declaration does not address at all Defendants' failure to disclose roll call records for non-detective police officers working at the 104th Precinct on February 5, 6, or 7, 2005.

Second, the declaration repeatedly discusses Lt. Weiss's search for the Negron "case file" or "detective file," but Plaintiff's request was much broader than this. His request of April 4, 2019, specifically requests "[a]ll documents in the possession, custody, or control of the New York City Police Department," not just case files or detective files. Accordingly, his Rule 30(b)(6) notice of November 18, 2019, specifically asks about

## Law Offices of Joel B. Rudin, P.C.

Morgan McKinney
December 9, 2019
Page 2

"[w]hat documents are routinely stored in the detective's file" and where responsive documents might be stored "[o]ther than the detective's file." Lt. Weiss's declaration does not address the latter question.

Third, and relatedly, Lt. Weiss's declaration does not account for the numerous locations where—according to NYPD paperwork that has been previously disclosed—duplicate and triplicate NYPD reports are, or used to be, stored. For instance, the DD5 that Defendants have just disclosed at DEF3060 indicates that one copy went to the Criminal Records Section, one went to the "Unit Referred To," and one went to the "Borough Robbery Squad." Did Lt. Weiss search for responsive records in the possession of the Borough Robbery Squad? (See more on the Criminal Records Section below.) What about the locations where NYPD documents relating to recovered and vouchered property might be stored? For example, the Property Clerk's Invoice disclosed at Negron 0972 indicates that one copy went to the "Prop. Clk. File," one went to the "Inventory Unit," and one is a "Prop. Clk. Work Copy." Did Lt. Weiss search for responsive documents in those locations?

Fourth, while Lt. Weiss does indicate that he "forwarded a general records check to the NYPD Criminal Records Section," and the Records Section informed him "they did not have any such documents," Defendants have not produced any first-hand, sworn explanation of what search the Records Section undertook for responsive documents and why they were unable to locate them. Do Defendants intend to produce such an explanation?

Fifth, Lt. Weiss's declaration indicates that he searched only for documents relating to the shooting of Mervin Fevrier and the arrest and prosecution of Julio Negron. But Plaintiff, in his initial discovery demand of April 4, 2019, also requested NYPD documents relating to the arrests of Fernando Caban and Monica Guartan and their ensuing prosecutions. Plaintiff's motion to compel, filed with the Court on November 8, 2019, and his Rule 30(b)(6) deposition notice both clearly state that the NYPD documents he seeks encompass the Caban/Guartan case. Do Defendants intend to produce a separate declaration covering those documents?

Defendants' disclosure with Lt. Weiss's declaration of the DD5 stamped DEF3060 only underlines the significance of the above information that Plaintiff seeks. It appears that Plaintiff had never, before last Friday, seen this DD5. Who knows what other previously undisclosed documents might come to light should the NYPD conduct an exhaustive search for documents responsive to our demands? Such a search is especially warranted in light of Detective Moscoso's unreliable record keeping practices, as

LAW OFFICES OF JOEL B. RUDIN, P.C.

Morgan McKinney
December 9, 2019
Page 3

evidenced, for instance, by his failure to sequentially number his DD5s and his unexplained memorialization of the Negron lineup in two separate DD5s containing different degrees of detail. *See* Negron 0857-0858.

Assuming Defendants have not produced affidavits addressing the above issues this week, we intend to move forward with the Rule 30(b)(6) deposition next Monday, December 16, and expect that, in accordance with Rule 30(b)(6), Defendants will produce witnesses who are prepared to testify to the information discussed above.

Very truly yours,

Jacob Loup

JL/tp

cc: Elissa Fudim (via Regular Mail and Email)
Senior Counsel
New York City Law Department
100 Church Street, Room 3-169
New York, New York 10007
efudim@law.nyc.gov