UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JULIO NEGRON,

                Plaintiff,                    ORDER

                v.                          18-CV-6645 (RPK) (SMG)

THE CITY OF NEW YORK, PATRICK
O'CONNOR, in his individual and official
capacities, and ROBERT MOSCOSO, in his
individual and official capacities,

                Defendants.
------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       Plaintiff Julio Negron alleges in this lawsuit that state prosecutors violated his constitutional rights by withholding exculpatory information at his criminal trial. To prevail, plaintiff will need to show that neither he nor his former criminal defense attorneys knew the information in question. *See United States v. Mahaffy*, 693 F.3d 113, 131 n.11 (2d Cir. 2012) (citing *United States v. Salerno*, 868 F.2d 524, 542 (2d Cir. 1989); *United States v. Grossman*, 843 F.2d 78, 85 (2d Cir. 1988)). Defendants therefore seek to depose plaintiff and his criminal defense attorneys about what they knew and how they knew it. Plaintiff argues that some questions should be off-limits based on attorney-client and work-product privileges. Magistrate Judge Gold resolved the parties' dispute by striking a compromise. On the one hand, he permitted defendants to question plaintiff and the criminal defense attorneys about their knowledge of the exculpatory information. On the other hand, Magistrate Judge Gold prohibited defendants from questioning the attorneys about whether their knowledge came from plaintiff himself. Defendants objected under Rule 72(a) of the Federal Rules of Civil Procedure. For the reasons described below, I overrule defendants' objections.

1

I. **Background**

Plaintiff was convicted of attempted murder in state court more than a decade ago. His conviction was vacated on appeal after he uncovered documents with exculpatory evidence that prosecutors had allegedly withheld from him. Plaintiff is now pursuing several causes of action against those prosecutors and the City of New York. As relevant here, plaintiff alleges that defendants violated his due process rights under *Brady v. Maryland*, which imposed a constitutional duty on the government to disclose evidence favorable to the accused. 373 U.S. 83, 87 (1963). Defendants argue that plaintiff's *Brady* claim is meritless. They contend there was no *Brady* violation because the prosecutors did in fact disclose the purportedly withheld information to plaintiff's criminal defense attorneys. In the alternative, defendants argue that plaintiff's criminal defense attorneys were independently aware of the exculpatory information before trial.

Defendants filed a motion to compel discovery seeking information to support their *Brady* arguments. The motion requested two forms of discovery that would normally be protected by attorney-client and work-product privilege. First, defendants asked the Court to order plaintiff and his criminal defense attorneys to fully answer questions about the underlying criminal prosecution, regardless of attorney-client privilege. And second, defendants asked the Court to compel plaintiff and his criminal defense attorneys to produce documents relating to the underlying criminal prosecution that had been withheld as privileged. Defendants argued they are entitled to this privileged discovery because it bears directly on a key question placed at issue by plaintiff's *Brady* claim—whether plaintiff's legal team lacked knowledge of the purported *Brady* material at the time of plaintiff's criminal prosecution. *See John Doe Co. v. United States*, 350 F.3d 299, 302 (citing *United States v. Nobles,* 422 U.S. 225 (1975)).

Magistrate Judge Gold heard argument on defendants' motion. *See* Dkt. #44 (January 17, 2020 Hearing Transcript). Plaintiff stipulated at the hearing that for purposes of his *Brady* claim, any information known by either plaintiff or his defense attorneys could be treated as "attributable to the defense as a whole." *Id.* at 12:3-14. Plaintiff also stipulated that, to the extent that either plaintiff or his lawyers were aware of certain facts, "there is no *Brady* violation with respect to those facts." *Id.* at 12:3-14; *see also id.* at 24:4-15. After hearing the parties' arguments, Magistrate Judge Gold ruled that, because plaintiff had brought a *Brady* claim, he had waived attorney-client privilege with respect to his lawyer's knowledge of the exculpatory information at issue in the case. *Id.* at 24:20-23. In light of that waiver, Magistrate Judge Gold ruled that (i) defendants could depose plaintiff and his criminal defense attorneys about their prior knowledge of the exculpatory information plaintiff claims was withheld from him; (ii) defendants could ask the criminal defense attorneys whether they knew particular facts; and (iii) in advance of their depositions, the criminal defense attorneys were required to refresh their recollections by familiarizing themselves with their files. *Id.* at 17:6-9, 24:23-25:6, 29:20-30:2. But he ruled that defendants could not ask plaintiff or his defense lawyers about the contents of their attorney-client conversations or ask whether their knowledge of particular facts was based on such conversations. *Id.* at 24:23-25:6. He also ruled that defendants could not review the criminal defense attorneys' files, even if those files contain notes relating to the exculpatory information. *Id.* at 28:23-29:7; *see id.* at 17:6-9.

Defendants filed objections under Rule 72(a) of the Federal Rules of Civil Procedure to the restrictions Magistrate Judge Gold imposed. After hearing oral argument, I issued an order requesting that Magistrate Judge Gold clarify why he barred the production of statements in the criminal defense attorneys' files that pertained to the exculpatory information. Before Magistrate

3

Judge Gold had issued his follow-up order, however, plaintiff informed the Court that he had mooted the issue by voluntarily producing the documents requested by defendants. Thus, defendants' only remaining challenge is to Magistrate Judge Gold's ruling on the scope of the depositions of plaintiff and his criminal defense counsel.

**II.     Legal Standard**

Rule 72 of the Federal Rules of Civil Procedure governs a district court's review of a magistrate judge's pretrial order. *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007); *see also* 12 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 3068.2 at 332 (3d ed. 2020). Under that rule, the standard of review depends on whether the matter decided by the magistrate judge was "dispositive" or "nondispositive." Fed. R. Civ. P. 72. Matters that "concern discovery" are nondispositive. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Therefore, my mandate in reviewing Magistrate Judge Gold's ruling is to "set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

That standard is "deferential." *Savoie v. Merchants Bank*, 166 F.3d 456, 460 n.3 (2d Cir. 1999). A reviewing court may only find clear error where, based on the "entire evidence," the court has "the definite and firm conviction that a mistake has been committed." *Atl. Specialty Ins. Co. v. Coastal Envtl. Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)). A court may not find clear error merely because it "would have weighed the evidence differently" had it been the trier of fact. *Ibid.* (quoting *Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd.*, 190 F.3d 64, 67 (2d Cir. 1999)); *see also Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015) (quoting *Mobil Shipping*, 190 F.3d at 67). Similarly, a judge's order is contrary to law only when the judge "fails to apply

or misapplies relevant statutes, case law or rules of procedure." *NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018); *see Ahmed*, 103 F. Supp. 3d at 350. A party "seeking to overturn a magistrate judge's decision thus carries a heavy burden." *In re Hulley Enterprises Ltd.*, 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019).

**III.     Analysis**

The decision below was not clearly erroneous or contrary to law. As Magistrate Judge Gold recognized, attorney-client and work-product protections can "implicitly" be forfeited when a party "asserts a claim that in fairness requires the examination of protected communications." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991); *see John Doe Co.*, 350 F.3d at 303. This type of forfeiture can occur when a party "advance[s] a claim to a court or jury . . . while relying on its privilege to withhold from a litigation adversary materials that the adversary might need to effectively contest or impeach the claim." *John Doe Co.*, 350 F.3d at 306. In applying this forfeiture doctrine, "the governing consideration is fairness." *Id.* at 305. In that spirit, the scope of the forfeiture "should be tailored to remedy the prejudice to" the opposing party. *In re Grand Jury Proceedings*, 219 F.3d 175, 190 (2d Cir. 2000).

Defendants have not shown Magistrate Judge Gold contravened these principles or otherwise committed clear error. Under Magistrate Judge Gold's application of the privilege forfeiture doctrine, along with the plaintiff's concession regarding the production of notes, defendants will be able to explore the matters that are relevant to their *Brady* defense. They can (i) depose plaintiff and his criminal defense attorneys and probe their knowledge of the exculpatory information, (ii) review notes pertaining to the exculpatory information in the case files of plaintiff's criminal defense attorneys, and (iii) refresh those attorneys' recollections at the depositions with the case-file notes. The principal restriction that remains in place is that

5

defendants cannot ask plaintiffs' criminal defense attorneys whether their knowledge of particular facts came from conversations with plaintiff.  But defendants have not demonstrated that fairness requires that they be permitted to ask those questions to defend against plaintiff's *Brady* claim.  Plaintiff has stipulated that the knowledge of both plaintiff and his criminal defense attorneys can be attributed to the defense as a whole.  Given that stipulation, what matters for plaintiff's *Brady* claim is what either plaintiff or his attorneys knew—not where that knowledge came from.  Magistrate Judge Gold's tailoring of his forfeiture ruling to accommodate defendants' discovery needs while respecting plaintiff's attorney-client privilege was therefore neither clearly erroneous nor contrary to law.  Defendants' objections under Rule 72(a) are overruled.

      SO ORDERED.

                                        */s/ Rachel Kovner*
                                        RACHEL P. KOVNER
                                        United States District Judge

Dated: Brooklyn, New York
       June 21, 2020